UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRISCILLA ERVE,

    Plaintiff,

v.

HENRY FORD COMMUNITY COLLEGE,
ET AL.

    Defendants.
_____/

Case No. 13-12608

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE MONA K.
MAJZOUB

### ORDER GRANTING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL [32] AND DENYING PLAINTIFF'S REQUEST FOR AN ATTORNEY ON APPEAL [33]

Before the Court is Plaintiff's Application to Proceed Without Prepaying Fees or Costs on Appeal [32], filed on October 10, 2014. For the reasons set forth below, the Court **GRANTS** Plaintiff's Application to Proceed Without Prepaying Fees or Costs on Appeal [32] and **DENIES** Plaintiff's Request for an Attorney on Appeal [33].

"A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization . . ." Fed. R. App. P. 24(a)(3). Plaintiff proceeded *in forma pauperis*

in the district court proceedings. On September 22, 2014, the Court entered a Judgment [30] in favor of Defendants. Plaintiff has now filed a Notice of Appeal [31] and an application to proceed without prepaying fees for costs on appeal. The Court is satisfied that Plaintiff may proceed *in forma pauperis* on appeal pursuant to Federal Rule of Appellate Procedure 24(a)(3).

The Court now turns to Plaintiff's Request for an Attorney on Appeal [33]. Plaintiff also filed a Request for an Attorney [25] in the district court proceedings. When considering that previous Request [25] the Court stated:

> Appointment of counsel in a civil case is "a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d. 601, 606 (6th Cir. 1993). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.'" *Id.* (citations omitted). Moreover, appointment of counsel is not appropriate when a *pro se* litigant's chances of success are extremely slim. *Id.*
> Having considered the Plaintiff's request for counsel in light of these principles, the Court finds that exceptional circumstances do not exist. Indeed, the issues are relatively straightforward and the disposition here turns on the simple fact that (1) the Plaintiff has failed to sufficiently allege that her civil rights were violated, and (2) the statute of limitations has elapsed. In sum, "the Court does not base its decision today on any legal niceties which would benefit from the assistance of counsel." *Turner v. Bressler*, 06-CV-276-GFV, 2007 WL 2847948, *6 (E.D. Ky. Sept. 28, 2007). As such, the Plaintiff's request must be and is denied.

Order [27] at 8–9. The Court concludes that the reasons that it previously denied

Plaintiff's request for counsel still apply with equal force. Accordingly,

**IT IS ORDERED** that Plaintiff's Application to Proceed Without Prepaying Fees or Costs on Appeal [32] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Request for an Attorney on Appeal [33] is **DENIED**.

**SO ORDERED**.

                                   s/ Arthur J. Tarnow

                                    Arthur J. Tarnow

Dated: 1/15/15                    Senior United States District Judge